UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

Case No. 18-CV-50240
HON. GEORGE CARAM STEEH

MERCEDE LEE JONES,

    Defendant,

and

STATE OF MICHIGAN
DEPARTMENT OF TREASURY,

    Garnishee.
_____/

ORDER DENYING REQUEST FOR HEARING [DOC. 4] AND GRANTING PLAINTIFF'S REQUEST FOR CONTINUING WRIT OF GARNISHMENT

This matter is before the court on plaintiff, the United States of America's, request for issuance of continuing writ of garnishment and defendant Mercede Lee Jones' request for hearing pertaining to the writ of continuing garnishment served on February 16, 2018 upon the garnishee Michigan Department of Treasury for any income tax refunds or other payments such as potential lottery winnings that may be due to the defendant.

On October 5, 2017, defendant entered a Rule 11 plea agreement

- 1 -

and was sentenced to 30 months of imprisonment and 24 months of supervised release.  Defendant was also ordered to pay a $100 special assessment and $43,458.75 in restitution.  Under the Mandatory Victims Restitution Act, the United States is responsible for collecting unpaid restitution for the purpose of making the victim whole.  18 U.S.C. §§ 3612, 3613.  Enforcement remedies are found under the Fair Debt Collection Procedure Act (FDCPA).  28 U.S.C. § 3001, et seq.

One remedy under the FDCPA is the issuance of a writ of garnishment.  28 U.S.C. § 3201.  A defendant may request a hearing regarding a garnishment, but there are only three issues that can be addressed at such a hearing: (1) the validity of exemption claims; (2) compliance with statutory requirements for the issuance of a writ of continuing garnishment; and (3) for certain issues involving default judgment.  28 U.S.C. § 3202(d)(1)-(3).  The reason defendant gives in seeking a hearing in this case is that she does not "own anything" and she has "no assets, property or income."  A default is not an issue in this case, and defendant has not raised the government's statutory compliance as an issue, nor has she claimed an exemption.  Therefore, defendant is not entitled to a hearing.

The government's current garnishment pertains only to future tax

refunds and/or potential lottery winnings and does not affect defendant's future income stream, which she is expected to have during her supervised release. The government seeks to have its writ of continuing garnishment in place for the 20 year life of the lien from all of defendant's property and property rights that secures payment of restitution. 18 U.S.C. § 3613(c).

The court finds that defendant is not entitled to a hearing in this case because she does not raise any argument that can be validly raised at a garnishment hearing. In addition, the court finds that the government's garnishment may remain in place for the life of the lien on defendant's property pursuant to statute. 18 U.S.C. § 3613(c).

So ordered.

Dated: May 17, 2018

                        s/George Caram Steeh
                        GEORGE CARAM STEEH
                        UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on May 17, 2018, by electronic and/or ordinary mail and also on Mercede Lee Jones, FCI Hazelton, Federal Correctional Institution, Satellite Camp, Secure Female Facility, P. O. Box 3000, Bruceton Mills, WV 26525.

s/Barbara Radke
Deputy Clerk